UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31267
_____

PARENTS AGAINST TESTING BEFORE TEACHING, an unincorporated association; CHARMAINE BRYANT, individually and on behalf of her minor child, Krystal Bryant; BRYANT SMOOT; STEPHEN SMOOT, individually and on behalf of their minor child, Lynette Smoot; WAYNE THOMPSON; ROMONA THOMPSON, individually and on behalf of their minor children Savannah Thompson and Stephen Thompson; NATHANIEL BROWN; DIANNE BROWN, individually and on behalf of their minor child, Irene Brown; ALTHEA FRANKLIN, individually and on behalf of her minor child, Dominique Franklin; DIEDRA RAYFIELD, individually and on behalf of her minor child, Jessie Rayfield; EVELYN MAGEE; MELVIN MAGEE, individually and on behalf of their minor child, Maurice Magee; TAMAR ALLEN, individually and on behalf of her minor child, Daniel Allen; NAOMI MARK, individually and on behalf of her minor child, Tiffany Raines,

Plaintiffs-Appellants,

versus

ORLEANS PARISH SCHOOL BOARD; GAIL MOORE GLAPION, in her official capacity as Board President; THE LOUISIANA STATE BOARD OF ELEMENTARY & SECONDARY EDUCATION; GLENNY LEE BUQUET, in her capacity as president of the State Board of Elementary and Secondary Education; CECIL PICARD, in his capacity as Louisiana's State Superintendent of Education,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
Civil Docket #00-CV-2525
_____

September 17, 2001

Before DAVIS, and JONES, Circuit Judges and BARBOUR, District Judge.[*]

PER CURIAM:[**]

This court has carefully considered the issues on appeal in light of the parties' briefs, oral argument, and pertinent portions of the records. Having done so, we, first, find no deficiency in the appellants' notice of appeal and therefore have appellate jurisdiction.

Next, we affirm for essentially the reasons stated by the district court. The court did not err in finding no due process violations under federal or applicable state law. In particular, the Deborah P. case cited by appellants pertains to the narrow right of graduating seniors to obtain a diploma, and not to any expectation of promotion in the public schools from year to year. Deborah P. v. Turlington, 644 F.2d 397 (5th Cir. -- Unit B 1981). Further, appellants' briefing did not sustain their assertion of private causes of action under federal statutes, including those covering age discrimination. The district court did not abuse its discretion in denying a preliminary injunction against the administration of the LEAP21 test and enforcement of its results.

The judgment of the district court is **AFFIRMED**.

---

[*] District Judge of the Southern District of Mississippi, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.